[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13700

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAKIM MIKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20141-PCH-2

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Shakim Mike, a federal prisoner, pleaded guilty to possession of 5 or more kilograms of cocaine with intent to distribute. He now appeals his below-guideline 150-month sentence. Mr. Mike claims that the district court improperly applied a two-level enhancement for his aggravating role in the offense, *see* U.S.S.G. § 3B1.1(c), thereby rendering him ineligible for "safety valve" relief under U.S.S.G. § 5C1.2(a)(4) and 18 U.S.C. § 3553(f). For the reasons below, we affirm Mr. Mike's sentence.

Challenges to the application of the Sentencing Guidelines are mixed questions of law and fact. *See United States v. Mandhai*, 375 F.3d 1243, 1247 (11th Cir. 2004). We therefore review the district court's findings of fact for clear error and its application of the Guidelines to the facts *de novo. See id.* Where there are two permissible views of the evidence, the district court's choice between them cannot be clearly erroneous. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

Based on the evidence of Mr. Mike's intimate involvement in the drug smuggling venture, it cannot be said that the district court clearly erred in applying a two-level enhancement for an aggravating role in the offense. The probation officer initially recommended that Mr. Mike receive a four-level enhancement as an organizer or leader in the venture. *See* PSI at ¶ 34; U.S.S.G.

§ 3B1.1(a).  Text messages retrieved from one of the co-defendant's phones, however, revealed that some of Mr. Mike's co-conspirators began setting the groundwork for the venture before his involvement.  Nevertheless, the district court concluded that a two-level enhancement was appropriate because, as it acknowledged, "when [Mr. Mike] got involved, he got involved."  D.E. 239 at 6.

Indeed, those same messages showed that Mr. Mike chartered the private jet used for the venture; arranged the payments for the jet, including half from his personal bank account, even if it was unclear where that money originated from; and coordinated logistics of the venture with an outside individual related to the drug smuggling venture, and whom the government believed was the cocaine supplier.  He and co-defendant Teshawn Adams also met with an individual in St. Thomas, U.S. Virgin Islands, about smuggling the cocaine.  For his troubles, Mr. Mike was to receive a payout larger than several of his co-defendants.  These facts suggest that Mr. Mike had more than a minor role and some degree of autonomy and control in the drug smuggling venture.  *See United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (stating that a defendant must exercise some authority in the organization and exert "some degree of control, influence, or leadership" to qualify for a § 3B1.1 enhancement) (citation omitted).

Further, the factual proffer for the plea—the facts of which Mr. Mike agreed the government could prove beyond a reasonable doubt had the case proceeded to trial—provided that: (1) he and three of his co-defendants were the only non-crew passengers

aboard the private charter jet containing 294 plastic-wrapped bricks of cocaine; (2) he arranged to smuggle the cocaine with Mr. Adams; (3) he and Mr. Adams cemented the participation of another co-defendant a mere three days before the flight; and (4) after he absconded from the scene of the crime, he directed another co-defendant to pick him up and got two other individuals involved in the venture to drive him from Miami to Orlando. *See United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000) (holding that the assertion of control or influence over just one person is enough to support an enhancement under § 3B1.1(c)). *See also United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006) (concluding that, although others may have had a larger role in the conspiracy, defendant nevertheless exercised authority over the organization sufficient to merit a four-level aggravating role enhancement by recruiting and instructing two other co-conspirators). Consequently, there was sufficient evidence to support Mr. Mike's two-level aggravating role enhancement.

Mr. Mike's arguments to the contrary largely rest on an alternative interpretation of the same set of facts. For example, he argues on appeal that he "merely took direction from the leaders in the conspiracy." There is not, however, any direct evidence of his co-defendants dictating his conduct in the venture. Certainly, many of the findings in favor of the enhancement also rely on factual inferences from the available evidence. But Mr. Mike is not entitled to reversal simply because the district court chose one valid reading of those facts over his. *See Anderson*, 470 U.S. at 574. Nor

do Mr. Adams' and co-defendant Roystin David's more prominent roles preclude Mr. Mike from receiving an aggravating role enhancement. *See United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005) (stating that more than one participant in a criminal venture may be eligible for an § 3B1.1(c) enhancement). *See also* § 3B1.1, cmt. (n.4).

For these reasons, the district court did not clearly err in determining that Mr. Mike's conduct warranted a two-level aggravating role enhancement. Accordingly, because he properly was subject to the aggravating role enhancement, he necessarily was precluded from obtaining safety-valve relief, and the district court did not err in failing to grant him such relief. *See* § 5C1.2(a)(4) (stating that "an organizer, leader, manager, or supervisor of others in the offense" is ineligible for safety-valve relief); § 3553(f)(4) (same).

**AFFIRMED.**